Schribar v. Maxwell.

---

No. 18,643.

LAURA B. SCHRIBAR, *Appellee*, v. JOHN M. MAXWELL et al. (JOHN M. MAXWELL, *Appellant*).

### OPINION ON REHEARING.

#### SYLLABUS BY THE COURT.

CANCELLATION OF CONVEYANCE—*Restoration of Property Ordered —Judgment Modified*. In adjudging the cancellation of a .conveyance of land obtained by the fraud of the grantee, provision should be made for the restoration by the grantor of the money and things of value received by him as consideration for the conveyance.

Appeal from Lyon district court; 'FREDERICK A. MECKEL, judge. Opinion on rehearing filed November 14, 1914. Modified. (For original opinion of affirmance see 92 Kan. 306, 140 Pac. 865.)

*Milton Brown,* of Guthrie, Okla., for the appellant.

*H. O. Glasser,* and *H. G. McKeever,* both of Enid, Okla., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  The only question for consideration on the rehearing is the restoration by appellee of the money and things of value received by her in exchange for the land which she was induced to convey to appellant.  On the original hearing it was determined that appellee had made the proper tender and such an offer to restore as warranted the cancellation of the deed.  The appellant is entitled to a return of everything which was of any substantial value, and the appellee, according to the record, is willing and able to make restoration.  No order of restoration was included in the judgment brought to this court for review, but it was assumed by this court that another branch of the case was still pending in the district court, and that a restoration of the money and property received by appellee might be worked out in the final judgment of that branch of the case.  It is said that this plan is not practicable or available at this time, and that being so it becomes necessary to provide for a restoration in the judgment herein.  The judgment of the district court will, therefore, be modified so far as to require a restoration of everything of substantial value which was received by appellee on the contract which has been canceled.  It appears that appellant placed a mortgage on the land since it was conveyed to him, and that after paying certain liens existing against the land, out of the proceeds of that mortgage, there remains in his hands a considerable sum of money which belongs to appellee.  The judgment will stand as to every feature of the case except the matter of restoration, and as to that the judgment will be modified and the cause remanded to the district court with the direction to make an equitable adjustment of the rights of

the parties, providing not only for the restoration by appellee of that actually received by her when the land was conveyed, but also a restoration by appellant of the moneys received by him on the mortgage which he placed upon the land in excess of the amount which he paid in discharging liens that existed against the land.